PHILLIP J. TYDINGCO
Suite 902, Pacific News Building
238 AFC Flores Street,
Hagåtña, Guam 96910
Tel: 475-3234 ✦ Fax 475-3238

Attorney for Defendant
JOHN JUNIOR CRUZ

FILED
DISTRICT COURT OF GUAM
MAR 20 2006
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAULINE MARIE CASTRO, and **JOHN JUNIOR CRUZ**,<br><br>Defendants. | CRIMINAL CASE NO. **06-00001**<br><br>NOTICE OF MOTION; MOTION and MEMORANDUM OF LAW FOR PRETRIAL DISCOVERY FOR ATF, DEA, AND/OR GUAM POLICE DEPARTMENT CONFIDENTIAL INFORMANT FILE; CERTIFICATE OF SERVICE |

## NOTICE OF MOTION

TO: KARON V. JOHNSON
Assistant United States Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910

PLEASE TAKE NOTICE that the following motion will be heard before the Honorable

_____, in his courtroom in the United States Courthouse, 4th Floor,

U.S. Courthouse, 520 West Soledad Ave., Hagatna, Guam, on _____,

or as soon as counsel may be heard.

## MOTION

COMES NOW the Defendant, JOHN JUNIOR CRUZ, through counsel, Phillip J. Tydingco, Office of the Alternate Public Defender, and hereby respectfully moves this Honorable Court for an order compelling the government or prosecution pursuant to Brady v. Maryland, 373 U.S. 83 (1963), United States v. Morgan, 581 F.2d 933 (D.C. Cir. 1979), and Roviaro v. United States, 353 U.S. 53 (1957), to disclose:

> the identity and whereabouts of the confidential informant who was utilized during the investigation of this case and who provided information which resulted in defendant *John Junior Cruz* becoming one of the targets of the investigation in this case.

In addition, Mr. Cuz seeks an order mandating that the government disclose:

a) Any information regarding the informant suggesting that she was under the influence of alcohol, narcotics, or other drug at the time of the observations about which the witness will testify and/or the informant informed, or that the witness'/informant's faculties of observation were impaired in any way. United States v. Sampol, 636 F.2d 621 (D.C. Cir. 1980);

b) the length of an extent of the witness' informant status;

c) the amount paid to the informant;

d) nonmonetary assistance also provided to the informant, including, but not limited to, assistance in avoiding or minimizing harm from charges pending against the informant, such status having existed either at the time of the offense and/or any other time through the day at trial;

e) all benefits or promises of benefit or statements that benefit would not be provided without cooperation that were made to the informant in connection with this case, whether or not fulfilled. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other sort of consideration of value;

f) the nature of assistance provided in the past, including the number of occasions and form(s) of help.

## MEMORANDUM OF LAW

As grounds for this motion, Mr. Cruz, through counsel, states:

1. Mr. John Junior Cruz was reportedly arrested together with the co-defendant in this case, Ms. Pauline Marie Castro on or about February 12, 2006 pursuant to an arrest warrant issued for an indictment that charged them both with two counts of Distribution of Methamphetamine Hydrocholoride (ice) in violation of 21 U.S.C. § 841(a)(1) alleged to have occurred on or about June 15, 2005 and July 18, 2005, respectively.

2. According to the federal law enforcement reports provided as part of discovery in the instant case, a U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") cooperating defendant (informant) provided information in the early part of June 2005 claiming that an individual named Pauline (last name unknown then or "LNU") was a distributor of ice residing at a residence with another individual named John Palacios in Dededo, Guam, and that the informant suspected that Palacios supplied the ice for Pauline to sell, but the informant related that she had never purchased ice from Palacios.

Page 3

3. On June 25, 2005, an undercover purchase of crystal methamphetamine (ice) or controlled buy was put in motion with the use of the aforementioned ATF informant who had negotiated earlier with Pauline LNU to purchase 8 grams of ice for $3,800, and the ATF informant under both video and electronic audio surveillance purchased the ice from Pauline LNU at the Dededo residence, but the ATF informant had not observed nor made any contact with Palacios before or during this controlled drug purchase.

4. On July 18, 2005, another undercover purchase of crystal methamphetamine (ice) or controlled buy was conducted by the ATF informant targeting Pauline LNU and John Palacios who apparently resided together at the same Dededo residence. The ATF informant, while under electronic audio surveillance made telephoned the same Dededo residence and negotiated with someone who answered to the name, "John", for the purchase of about 3 grams of ice by having Pauline LNU subsequently contact the ATF informant about the sale. The ATF informant made the purchase of ice from Pauline LNU at the same Dededo residence, but could claim only to having heard the voice of "John" and seen his silhouette through the screen door during this drug transaction.

5. On or about August 2005, subsequent law enforcement investigation revealed that Pauline LNU was actually Pauline Marie Castro who resided at the Dededo residence where the drug buys occurred with the ATF informant, and that the other target, "John Palacios" was believed be to Mr. John Junior Cruz who also resided at the same residence.

6. The ATF informant was provided funds from the ATF, DEA and/or Guam Police agents to make the aforementioned drug purchases and, after making them, reported the purchase

directly to these agents or officers, which provided the information or evidence to support the charges of the indictment against Mr. Cruz.

7. Mr. Cruz asserts that access to and the identity of the confidential informant is critical to any alleged connection of Mr. Cruz to the contraband in this case. Moreover, the informant's identity and access to him is essential to an effective representation of Mr. Edwards, his presentation of a defense, and the discovery of exculpatory information. Brady v. Maryland, 373 U.S. 83 (1963); Washington v. Texas, 388 U.S. 14 (1967).

## ARGUMENT

In Roviaro v. United States, 353 U.S. 53 (1957) the Supreme Court acknowledged an accused's entitlement to disclosure of the identity of an informant. In this case, the informant's identity could lead to exculpatory information since there may be a probability that the drugs purchased at the Dededo residence may have been supplied either only by the co-defendant or someone other than Mr. Cruz. In United States v. Morgan, 581 F.2d 933 (D.C. Cir. 1979), the Court held that in a situation involving the execution of a search warrant, evidence that another person was selling [drugs] from the house was decidedly relevant." 581 F.2d at 936. In Morgan the D.C. Circuit reversed the conviction based upon the trial court's exclusion of the informant's statements regarding who had sold him the drugs during a "controlled buy." The Circuit held that "the excluded evidence [bore] on a matter that could be determinative of guilt or innocence." Id. Somewhat similar, in the instant case, the informant's identity, could be determinative of Mr. Cruz's innocence since he could establish that either only the co-defendant or someone other than him obtained the drugs for the controlled buys made between the ATF informant and the co-

Page 5

Case 1:06-cr-00001   Document 22   Filed 03/20/2006   Page 5 of 7

defendant was supplied by someone other than Mr. Cruz, thereby negating any inference that the drugs obtained from the June 25, 2005 and July 18, 2005 purchases were possessed by Mr. Cruz. Thus, disclosure of the informant's identity and whereabouts is essential to discovery of exculpatory information for Mr. xxxxxxxx. Brady v. Maryland, 373 U.S. 83 (1963). It is also critical to Mr. Cruz's constitutional right to present a defense. Washington v. Texas, 388 U.S. 14 (1967).

In Roviaro the Supreme Court acknowledged the need for defense counsel to interview the witness. 353 U.S. at 64 ("[t]he desirability of, ... at least interviewing [the confidential informant] in preparation for trial, [is] a matter for the accused rather than the government to decide"). Likewise, in other contexts the Supreme Court has held that an interest in confidentiality is overcome when the accused's right of confrontation is at stake. See Davis v. Alaska, 415 U.S. 308 (1974) (accused is entitled to cross-examine prosecution witness regarding his juvenile probationary status notwithstanding the interest in confidentiality of juvenile adjudications).

The information sought, in addition to the informant's identity, relates directly to the credibility of the informant and his/her bias and is therefore relevant to impeaching the informant and providing the defense with exculpatory information. Mr. Cruz has a constitutional right to explore the informant's bias and credibility on cross-examination. Giglio v. United States, 405 U.S. 150 (1972); Giles v. Maryland, 386 U.S. 66 (1967); Napue v. Illinois, 360 U.S. 264 (1959) (denial of due process occurred where prosecutor failed to correct prosecution witness who testified perjuriously that he had received no promise of consideration in exchange for his

testimony). See also Villaromen v. United States, 184 F.2d 261, 262 (D.C. Cir 1950) ("Bias of a witness is always relevant"). Moreover, the defense's entitlement to the requested information is supported by the case law. See e.g. Giglio v. United States, supra (entitlement to promises the informant has received in consideration for his/her testimony); Giordano v. United States, 394 U.S. 310 (1969) (informant's prior testimony while acting as an informant); United States v. Fowler, 465 F.2d 664 (D.C. Cir. 1972) (promises received for consideration); United States v. Lindstrom, 698 F.2d 1154 (11th Cir. 1983) (psychiatric history); Williams v. Griswold, 743 F.2d 1533 (11th Cir. 1984) (criminal history); United States v. Auten, 632 F.2d 478 (5th Cir. 1980) (same).

**WHEREFORE** for the foregoing reasons, and any others which may appear in supplemental pleadings which Mr. Cruz reserves the right to file, and at a full hearing on this matter, John Junior Cruz, through counsel, respectfully requests that this Motion be granted and that this Court order the government to disclose the requested information.

DATED: Hagatna, Guam, March 20, 2006.

PHILLIP J. TYDINGCO
Attorney for Defendant
JOHN JUNIOR CRUZ