ORIGINAL

PHILLIP J. TYDINGCO
Suite 902, Pacific News Building
238 AFC Flores Street,
Hagåtña, Guam 96910
Tel: 475-3234 ✦ Fax 475-3238

Attorney for Defendant
JOHN JUNIOR CRUZ

FILED
DISTRICT COURT OF GUAM
APR - 4 2006
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. **06-00001** |
| Plaintiff, ) | |
| vs. ) | **DEFENDANT'S JURY INSTRUCTIONS** |
| PAULINE MARIE CASTRO, and **JOHN JUNIOR CRUZ,** ) | |
| Defendants. ) | |

COMES NOW, Defendant, JOHN JUNIOR CRUZ, through counsel, Phillip J. Tydingco of the Alternate Public Defender Office, hereby submits the following jury instructions attached hereto.

Dated at Hagåtña, Guam: April 3, 2006.

/s/ Phillip J. Tydingco
PHILLIP J. TYDINGCO
Attorney for Defendant
JOHN JUNIOR CRUZ

JURY INSTRUCTION NO. _____

**DUTY OF JURY**

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. These are preliminary instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

**Source:** 9th Circuit Manual of Model Criminal Jury Instructions 1.1

JURY INSTRUCTION NO. _____

**THE CHARGES—PRESUMPTION OF INNOCENCE**

This is a criminal case brought by the United States government. The government charges the defendant with committing two counts of the crime of DISTRIBUTION OF METHAMPHETAMINE HYDROCHLORIDE. The charges against the defendant are contained in the indictment. The indictment is simply the description of the charges made by the government against the defendant; it is not evidence of anything.

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes which the government must prove to make its case:

For the First Charge or **Count One** of the Indictment, the Government must prove beyond a reasonable doubt that the Defendant, Peter Junior Cruz, on June 25, 2005, did knowingly and intentionally distribute approximately 7.7 grams net weight of methamphetamine HYDROCHLORIDE (ice) in the District of Guam. For the Second Charge or **Count Two** of the Indictment, the Government must prove beyond a reasonable doubt that the Defendant, Peter Junior Cruz, on July 18, 2005, did knowingly and intentionally distribute approximately 3 grams net weight of methamphetamine HYDROCHLORIDE (ice) in the District of Guam.

These instructions are preliminary and the instructions I will give at the end of the case will control.

The defendant has pleaded not guilty to the charges and he presumed innocent unless and until proved guilty beyond a reasonable doubt. A defendant has the right to remain silent and never has to prove innocence or present any evidence.

**Source:** 9th Circuit Manual of Model Criminal Jury Instructions 1.2

JURY INSTRUCTION NO. _____

**DEFENDANT'S DECISION NOT TO TESTIFY**

A defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

**Source:** 9th Circuit Manual of Model Criminal Jury Instructions 3.3

JURY INSTRUCTION NO. _____

**LAW ENFORCEMENT WITNESS**

You have heard the testimony of law enforcement officials. The fact that a witness may be employed by the U.S. Government or the Government of Guam as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

**Source: See e.g., United State v. Chin, 934 F.2d 393 (2nd Cir. 1991)**

Page 5 of 13

JURY INSTRUCTION NO. _____

**PROOF BEYOND A REASONABLE DOUBT—DEFINED**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**Source:** 9th Circuit Manual of Model Criminal Jury Instructions 3.5; The Ninth Circuit has expressly approved a reasonable doubt instruction that informs the jury that the jury must be "firmly convinced" of the defendant's guilt. *United States v. Velasquez*, 980 F.2d 1275, 1278 (9th Cir. 1992). In *Victor v. Nebraska*, 511 U.S. 1, 5 (1994), the Court held that any reasonable doubt instruction must (1) convey to the jury that it must consider only the evidence, and (2) properly state the government's burden of proof.

JURY INSTRUCTION NO. _____

## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Source:** 9th Circuit Manual of Model Criminal Jury Instructions 3.7

JURY INSTRUCTION NO. _____

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness's testimony;

6. the reasonableness of the witness's testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

**Source:** 9th Circuit Manual of Model Criminal Jury Instructions 3.9

JURY INSTRUCTION NO. _____

## EVIDENCE OF OTHER ACTS OF DEFENDANT
## OR ACTS AND STATEMENTS OF OTHERS

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. Your determination must be made only from the evidence in the case. The defendant is not on trial for any conduct or offense not charged in the indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to this charge against this defendant.

**Source:** 9th Circuit Manual of Model Criminal Jury Instructions 3.10

JURY INSTRUCTION NO. _____

## ACTIVITIES NOT CHARGED

The defendant is on trial only for the crimes charged in the indictment, not for any other activities.

**Source:** 9th Circuit Manual of Model Criminal Jury Instructions 3.11

Page 10 of 13

JURY INSTRUCTION NO. _____

**SEPARATE CONSIDERATION OF MULTIPLE COUNTS—SINGLE DEFENDANT**

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

**Source:** 9th Circuit Manual of Model Criminal Jury Instructions 3.12

JURY INSTRUCTION NO. _____

**9.13 CONTROLLED SUBSTANCE—POSSESSION WITH INTENT TO DISTRIBUTE (21 U.S.C. § 841(a)(1))**

The defendant is charged in both counts the indictment with possession of [controlled substance, Methamphetamine HYDROCHLORIDE or "ice"] with intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed [Methamphetamine HYDROCHLORIDE or "ice"]; and

Second, the defendant possessed it with the intent to deliver it to another person.

It does not matter whether the defendant knew that the substance was [Methamphetamine HYDROCHLORIDE or "ice"]. It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

**Source:** (21 U.S.C. § 841(a)(1)); In the aftermath of *Apprendi v. New Jersey,* 530 U.S. 446 (2000), the Ninth Circuit has held that where the amount of drugs "increases the prescribed statutory maximum penalty to which a criminal defendant is exposed," the amount of drugs must be decided by a jury beyond a reasonable doubt. *United States v. Nordby,* 225 F.3d. 1053 (9th Cir. 2000) ("[O]ur existing precedent to the contrary is overruled to the extent it is inconsistent with *Apprendi.*") (citations omitted). *See also United States v. Garcia-Guizar,* 227 F.3d 1125 (9th Cir. 2000) *cert. denied,* 532 U.S. 984 (2001). As a result, if applicable, the court should obtain a jury determination of the amount of drugs involved. See also *United States v. Booker,* 125 S. Ct. 738 (2005); *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc).

JURY INSTRUCTION NO. _____

**MERE PRESENCE**

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime of [*crime charged*], unless you find that the defendant was a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

**Source: Ninth Circuit Model Criminal Jury Instructions 6.9**