PHILLIP J. TYDINGCO
Suite 902, Pacific News Building
238 AFC Flores Street,
Hagåtña, Guam 96910
Tel: 475-3234 ✦ Fax 475-3238

Attorney for Defendant
JOHN JUNIOR CRUZ

**FILED**
DISTRICT COURT OF GUAM
APR 12 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>PAULINE MARIE CASTRO, and **JOHN JUNIOR CRUZ,**<br><br>　　　　Defendants. | CRIMINAL CASE NO. **06-00001**<br><br>**DEFENDANT'S JURY INSTRUCTIONS** |

COMES NOW, Defendant, JOHN JUNIOR CRUZ, through counsel, Phillip J. Tydingco of the Alternate Public Defender Office, hereby respectfully submits the following jury instructions attached hereto.

Dated at Hagåtña, Guam: April 12, 2006.

_____
PHILLIP J. TYDINGCO
Attorney for Defendant
JOHN JUNIOR CRUZ

JURY INSTRUCTION NO. _____

**TRANSCRIPT OF TAPE RECORDING**

You are about to listen to a tape recording that has been received in evidence. Please listen to it very carefully. Each of you has been given a transcript of the recording to help you identify speakers and as a guide to help you listen to the tape. However, bear in mind that the tape recording is the evidence, not the transcript. If you hear something different from what appears in the transcript, what you heard is controlling. After the tape has been played, the transcript will be taken from you.

**SOURCE:** Ninth Circuit Model Criminal Jury Instructions .27

*See United States v. Franco,* 136 F.3d 622, 626 (9th Cir.1998) (the recording itself is the evidence to be considered; the transcript is merely an aid).

Comment:

The committee recommends that this instruction be given immediately before a tape recording is played so that the jury is alerted to the fact that what they hear is controlling. It need not be repeated if more than one tape recording is played. However, it would be well to remind the jury that the tape recording and not the transcript is the evidence and that they should disregard anything in the transcript that they do not hear. If the instruction is also to be given as part of the closing instructions, it should be modified appropriately.

JURY INSTRUCTION NO. _____

**DEFENDANT'S DECISION NOT TO TESTIFY**

A defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

SOURCE: 9th Circuit Manual of Model Criminal Jury Instructions 3.3

JURY INSTRUCTION NO. _____

**LAW ENFORCEMENT WITNESS**

You have heard the testimony of law enforcement officials. The fact that a witness may be employed by the U.S. Government or the Government of Guam as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

SOURCE: See e.g., <u>United State v. Chin</u>, 934 F.2d 393 (2nd Cir. 1991)

JURY INSTRUCTION NO. _____

**EVIDENCE OF OTHER ACTS OF DEFENDANT
OR ACTS AND STATEMENTS OF OTHERS**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. Your determination must be made only from the evidence in the case. The defendant is not on trial for any conduct or offense not charged in the indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to this charge against this defendant.

**SOURCE:** 9th Circuit Manual of Model Criminal Jury Instructions 3.10

JURY INSTRUCTION NO. _____

**ACTIVITIES NOT CHARGED**

The defendant is on trial only for the crimes charged in the indictment, not for any other activities.

SOURCE: 9th Circuit Manual of Model Criminal Jury Instructions 3.11

JURY INSTRUCTION NO. _____

**SEPARATE CONSIDERATION OF MULTIPLE COUNTS—SINGLE DEFENDANT**

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

**SOURCE:** 9th Circuit Manual of Model Criminal Jury Instructions 3.12

JURY INSTRUCTION NO. _____

**MERE PRESENCE**

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime of [*crime charged*], unless you find that the defendant was a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

**SOURCE:** Ninth Circuit Model Criminal Jury Instructions 6.9