UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**
FEB 14 2008
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>V.<br><br>JOHN JUNIOR CRUZ,<br><br>Defendant - Appellant. | No. 06-10639<br>D.C. No. CR-06-00001-2-RBL<br><br>JUDGMENT |

**FILED**
DISTRICT COURT OF GUAM
FEB 20 2008
JEANNE G. QUINATA
Clerk of Court

Appeal from the United States District Court for the USDC - UNITED STATES DISTRICT COURT OF GUAM (HAGATNA).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the USDC - UNITED STATES DISTRICT COURT OF GUAM (HAGATNA) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby **we REVERSE Cruz's conviction for Counts I and II, and AFFIRM the conviction for Count III. We VACATE the sentence and REMAND for resentencing on Count III.**

Filed and entered 01/23/08



FILED
JAN 23 2008
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JOHN JUNIOR CRUZ,<br><br>Defendant - Appellant. | No. 06-10639<br><br>D.C. No. CR-06-00001-2-RBL<br><br>MEMORANDUM* |

Appeal from the District Court of Guam
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted November 1, 2007
Honolulu, Hawaii

Before: O'SCANNLAIN, TASHIMA, and M. SMITH, Circuit Judges.

A jury convicted appellant, John Cruz, on three counts: (1) conspiracy to distribute more than five and less than fifty grams of methamphetamine hydrochloride (methamphetamine) from January to July 2005; (2) distribution of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

7.7 grams of methamphetamine on June 25, 2005; and (3) distribution of approximately three grams of methamphetamine on July 18, 2005.

We conclude that there was insufficient evidence to convict Cruz on Counts I and II, and we reverse in part. Because the facts are familiar to the parties, we do not recite them here.

Claims of insufficiency of evidence are reviewed *de novo*. *United States v. Shipsey*, 363 F.3d 962, 971 n.8 (9th Cir. 2004).[1] The reviewing court asks whether "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

### A. Count I: Conspiracy

To show the existence of a conspiracy, the government must prove:

> 1) an agreement to accomplish an illegal objective; and 2) the intent to commit the underlying crime. Proof of the agreement may be based on circumstantial evidence from which the jury may draw an inference of an agreement. Thus, a conspiracy may be proven by circumstantial evidence that the defendants acted together towards a common goal.

---

[1] Cruz made a Rule 29 motion after the government's case-in-chief, which was also the close of all evidence in this case, thus preserving the issue for review. *Cf. United States v. Ochoa-Torres*, 626 F.2d 689, 691 (9th Cir. 1980) (defendant failed to renew Rule 29 motion, made at the close of the government's case-in-chief, at the close of all evidence).

2

*United States v. Ching Tang Lo*, 447 F.3d 1212, 1226 (9th Cir. 2006). Here, the government failed to meet its burden to show that an agreement existed between Pauline and Cruz to distribute over five grams of methamphetamine between January and July of 2005. Nancy's testimony that she previously bought methamphetamine directly from Cruz prior to becoming an informant, even if believed, would allow the jury to conclude that Cruz was also a drug dealer but does not prove the existence of an agreement between Pauline and Cruz. The fact that Pauline would sometimes tell Nancy that they had to wait for "John" when Pauline did not have enough methamphetamine to sell to Nancy does not establish beyond a reasonable doubt that this John was John Cruz, nor that this John was acting in concert with Pauline and delivering drugs. The government bears the burden to prove each element of a crime beyond a reasonable doubt, not merely a preponderance of the evidence, and merely inferring that two drug dealers who lived together were involved in a conspiracy to distribute does not meet the requisite burden of proof.

Though our decision rests on the lack of evidence connecting Cruz to the conspiracy even if we credit Nancy's testimony, we are nevertheless troubled by the incredibility of Nancy's testimony respecting her interactions with Cruz. The uncorroborated testimony of an accomplice or paid informer is sufficient to convict

3

"unless it is incredible or insubstantial" "on its face." *United States v. Earl*, 27 F.3d 423, 425 (9th Cir. 1994); *Lyda v. United States*, 321 F.2d 788, 794-95 (9th Cir. 1963). Nancy, like an accomplice or paid informer, has the same "built-in" untrustworthiness. *Lyda*, 321 F.2d at 794. Agent Quintanilla testified that immediately after her arrest, Nancy claimed that she had never purchased methamphetamine from John Palacios (Cruz). In direct contradiction of Quintanilla's testimony, Nancy testified that during this same interview, she told agents that she bought from Pauline and John. Similarly, though Agent Torres testified that the first time Nancy ever mentioned that she bought methamphetamine from Cruz was in an interview in March 2006, Nancy testified that she had told law enforcement about these deals prior to this interview. At the March 2006 interview, Nancy also told agents that she bought methamphetamine from Cruz on four occasions prior to becoming an informant, but at trial, she testified that she bought from Cruz on only two occasions. Her testimony on how she discovered John and Pauline's last names also contradicted the prior story she told to law enforcement officers.

Because the evidence is so threadbare, we conclude that the government has failed to prove the existence of a conspiracy between Pauline and Cruz, and that a reasonable juror could not have found guilt beyond a reasonable doubt.

4

Furthermore, though we affirm the conviction for Count III for the distribution of three grams of methamphetamine on July 18, 2005, the evidence supporting that conviction still fails to establish the existence of a conspiracy from January to July 2005 for the distribution of more than five grams of methamphetamine.

### B. Count II: Distribution of 7.7 Grams on June 25, 2005

Without evidence of a conspiracy or evidence that Cruz made a direct sale to Nancy, the government must show that Cruz aided and abetted Pauline in the distribution of methamphetamine on June 25, 2005. The government must prove beyond a reasonable doubt:

> (1) that the accused had the specific intent to facilitate the commission of a crime by another, (2) that the accused had the requisite intent of the underlying substantive offense, (3) that the accused assisted or participated in the commission of the underlying substantive offense, and (4) that someone committed the underlying substantive offense.

*United States v. Garcia*, 400 F.3d 816, 818 n.2 (9th Cir. 2005) (citations omitted).

The totality of the evidence against Cruz is that Cruz lived in the house, that Pauline mentioned on the phone that she was waiting for Cruz, and that an unidentified person, likely male, drove up to the house prior to the consummation of the drug sale. This is insufficient evidence to show that Cruz assisted or participated in any part of the sale.

### C. Count III: Distribution of Three Grams on July 18, 2005

5

As in Count II, the government must show that Cruz aided and abetted in the sale of methamphetamine. The government's case rests on Nancy's ability to identify Cruz's voice. "The issue of authenticity–the identity of the author of a particular item of evidence such as a document or phone call–is for the jury once a prima facie case of authorship is made out by the proponent of the evidence." *Carbo v. United States*, 314 F.2d 718, 743 (9th Cir. 1963). Cruz did not object to the admissibility of the voice identification at trial. We defer to the jury's determination that Nancy was able to identify Cruz's voice. The specific details of the drug deal discussed over the phone constitutes sufficient evidence to convict Cruz on Count III.

### D. Officer Quintanilla's Testimony

The district court did not plainly err in admitting Officer Quintanilla's testimony on the modus operandi of drug dealers. Quintanilla was qualified to testify as an expert witness, and the failure to go through the formal procedure to qualify him was harmless error. *See United States v. Figueroa-Lopez*, 125 F.3d 1241, 1247 (9th Cir. 1997).

We REVERSE Cruz's conviction for Counts I and II, and AFFIRM the conviction for Count III. We VACATE the sentence and REMAND for resentencing on Count III.